INGALLS SHIPBUILDING CORPORATION, et al. *v.* MCNEAL

No. 43257          January 11, 1965          170 So. 2d 562

*White & Martin,* Gulfport, for appellants.

*George M. Simmerman, Bryan & Gordon,* Pascagoula, for appellee.

ETHRIDGE, J.

W. T. McNeal, appellee, suffered a cerebral hemorrhage or stroke on May 19, 1961. On the day before that and for several years he had been employed by Ingalls Shipbuilding Corporation in Jackson County, Mississippi. McNeal worked as a grinder and chipper on the steel hulls of vessels under construction. On May 18 he worked an eight-hour shift, apparently from 4:00 to 12:00 p.m. According to claimant's version, he

was working on the inside of the end section of a submarine, chipping and grinding for the welders, and it was quite hot. Around 10:00 p.m. he became sick at his stomach, vomited, pain came into his chest, and then a severe headache on the right side of his head. He visited the hospital or first-aid station two or three times, getting aspirins and ammonia. He got off from work at about 12:15 a.m. on the morning of May 19, and went to his rooming house. He waked up about 6:00 a.m., and his left arm and leg were paralyzed.

On the contrary, testimony for the defendants was to the effect that, when McNeal was examined by Dr. R. A. Roberts late in the morning or early in the afternoon of May 19, he was suffering from hypertension, but had no paralysis or symptoms of a stroke. McNeal did not visit the first-aid station or hospital the preceding night, and when he left work, he seemed to be well. He made no complaints to his immediate superior, and did not work inside but outside a vessel.

After reviewing the evidence, the attorney referee found that claimant did not receive an accidental injury which arose out of and in the course of his employment. The Workmen's Compensation Commission unanimously so ordered. However, the Circuit Court of Jackson County, without an opinion stating its reasons, held the commission's order was contrary to the law and evidence, reversed it, and rendered judgment for McNeal.

The question is whether there was substantial evidence to support the commission's denial of compensation. We think there was. A careful review of the record reflects that the evidence for defendants negatived in all substantial particulars the testimony on behalf of claimant. For example, there was no evidence except McNeal's own that he went to the first-aid station or hospital for medicine that night. The records of those departments, recording visits, reflected none by claimant. His witness Tate asserted he was working with

McNeal that night, but the company's records show he was not, and they were supported by the testimony of McNeal's leaderman and the hull superintendent.

McNeal made a claim for group hospital and health insurance on June 9, 1961, less than a month after the stroke, in which he stated that the injury did not occur in the course of any employment. On May 19 McNeal went to a physician of his own choice, Dr. Roberts of Moss Point. Although not certain about the time of day, Roberts thought he saw claimant in the afternoon. He complained of dizziness and headaches, and Roberts performed a thorough physical examination on him, finding his heart was regular, but his blood pressure was up. Dr. Roberts said McNeal had no paralysis at the time and no symptoms of a stroke. He was ambulatory. Since the man was suffering from hypertension, the doctor gave him a prescription and suggested rest. Dr. Roberts stated emphatically that McNeal had not sustained a stroke when he saw him on May 19.

This medical testimony, by an impartial witness, wholly contradicts that of McNeal and his brother that when claimant went to Dr. Roberts he was not ambulatory, had to be half-carried in to the doctor's office, and was paralyzed at the time. Subsequently, claimant's brother drove him to his home in Alabama on the afternoon of May 19. He was admitted to a hospital in Troy, Alabama. This was apparently late in the afternoon or early that evening, although his attending physician there, Dr. H. H. Colley, did not know the time of admission, when claimant was in a wheelchair and had suffered a stroke. Dr. Colley stated that, assuming the work and symptoms claimant asserted he had while working at the shipyard on May 18 (contradicted by testimony for defendants), he thought the work aggravated or precipitated the stroke. He said that McNeal had a preexisting atherosclerosis, which was a predisposing cause to the stroke; that he had a massive hemor-

rhage, and when such occurs, the symptoms of a stroke would occur almost immediately after the exertion on the job.

In short, the commission concluded that McNeal did not become sick on the job on the night of May 18, and had no symptoms of a stroke at the time. When he visited Dr. Roberts sometime during the day of May 19, he was suffering only from hypertension and a preexisting atherosclerosis, and had not had a stroke or any symptoms indicating an impending one. Sometime between the time he left the office of Dr. Roberts and reached Dr. Colley in Alabama, McNeal suffered a stroke, but there was no causal relation between it and his job. ■■ ■ On conflicting evidence and substantial grounds, the commission was warranted in so finding and denying compensation.

Reversed, and order of Workmen's Compensation Commission reinstated and affirmed.

*Lee, C. J., and Gillespie, Jones and Brady, JJ., concur.*